IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY LEE RUSSELL                                                    PETITIONER

    V.                                        No.  13-2096

RAY HOBBS, Director
Arkansas Department of Corrrection                                  RESPONDENT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions (ECF No. 1) filed April 8, 2013 under 28 U.S.C. Section 2254.  The State filed its

Response (ECF No. 9) on October 10, 2013 and the Petitioner [has not filed a Reply] or the

Petitioner filed his Reply (ECF No. 10 ) on October 24, 2013.  The matter is now ready for

Report and Recommendation.

## I.  Background

    On September 2,2011, Petitioner Russell pleaded  guilty to two counts of Class-Y felony

rape and one count of Class-B-felony second-degree sexual assault.  On September 15,2011 the

circuit court sentenced him to 20 years' imprisonment in the Arkansas Department of Correction

with 10 years' suspended imposition of sentence to be served consecutively.  (ECF No. 9-1).

    On March 15, 2012 the Petitioner filed a Motion for Leave to Proceed with Belated Rule

37.1 Petition (ECF No. 9-2) and simultaneously filed a Petition for Post-Conviction Relief Under

Rule 37.1 (ECF No. 9-3). On June 12, 2012 the Circuit Court of Crawford County entered an

Order denying the Petitioner's motion because it was untimely. (ECF No. 9-4).  The Petitioner

-1-

evidently appealed the Circuit Court's order and filed a Brief with the Arkansas Appellate  Court. (ECF No. 9-5). On October 12, 2012 the State filed a Motion to Dismiss (ECF No. 9-6) which was granted by the Arkansas Supreme Court on November 15, 2012. (ECF No. 9-7).

The Petitioner filed the current petition on April 8, 2013 contending that "Fundamental due process.  Attorney Carl Hopkins misrepresentation, deficient performance, prejudice suffered by Mr. Russell.  Defense Attorney was legally obligated to inform Mr. Russell accurate factual information." (ECF No. 1, pp. 6-7).  It appears from his brief that the Petitioner is contending that his attorney misinformed him about his parole eligibility. (ECF No. 1-1, p. 4).

## II.  Discussion

### A.  Statute of Limitation:

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)

See 28 U.S.C. § 2244(d)(1) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

*Walker v. Norris*  436 F.3d 1026, 1029 (C.A.8 (Ark.),2006)

In this case the Petitioner entered his plea on September 2, 2011 and judgment was entered on September 15, 2011.  While the Arkansas Rules allow 30 days within which to appeal a conviction (Ark. Rules App. Proc. Cr. Rule 2) Arkansas  does not provide for any appeal from a plea of guilty.  *See Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987), and A.R.Cr.P. Rule 36.1.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C.A. § 2244. The Petitioner's Rule 37 motion, however, was not "properly filed".  Arkansas allows 90 days to file a Petition for Post Conviction Relief. (ARCr.P, Rule 37.2(c)).  The Petitioner did not attempt to file his Rule 37 motion until well after the 90 day period and the Circuit Court correctly held that it had no jurisdiction to entertain the Petitioner untimely Rule 37 motion.

The Arkansas Supreme Court has stated that "inasmuch as the time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, a circuit court cannot grant relief on an untimely petition". *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996); *Hamilton v. State*, 323 Ark. 614, 918 S.W.2d 113 (1996); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994); *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989); *Hill v. State,* 340 Ark. 248, 249, 13 S.W.3d 142, 142 - 143 (Ark.,2000). Consistent with Arkansas case law the Arkansas Supreme Court denied the Petitioner's appeal of the Circuit Court holding. The end result is that the time

for filing the current motion under (A) was one year from September 15, 2012.

The court also finds that even if the court consider the date under (D), the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, the Petitioner motion would still be time barred. The Petitioner is contending that his attorney informed him that he would have to serve ½ of his time before he became eligible for parole. Under Arkansas law a Defendant convicted of the offense of Rape must serve 70% of his sentence before being eligible for parole. (A.C.A. §16-93-618(a)(1)). According to exhibits attached by the Petitioner he was at the latest aware of the 70% requirement on December 29, 2011 at the time he was processed by ADC. (ECF No. 1-3, p. 1). At the latest this could have extended the filing requirements until December 29, 2012 but the Petition was not filed until April 2013 and would still place the Petition outside the limitations period.

The Petition is time barred by any computation the court can make and can only be considered if he is entitled to equitable tolling.

**B. Equitable Tolling:**

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S.

-4-

863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of

legal knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally

does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).  The

Petitioner has not asserted any such grounds as the basis for his failure to properly file the

petition.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C.

§2254 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in
which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file
timely written objections may result in waiver of the right to appeal questions of fact.  The
parties are reminded that objections must be both timely and specific to trigger de novo
review by the district court.**

IT IS SO ORDERED this November 21, 2013

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE