IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY LEE RUSSELL                                                                                    PETITIONER

v.                                       Case No. 2:13-CV-02096

RAY HOBBS, Director, Arkansas Department of Corrections                    RESPONDENT

**O R D E R**

The Court has received proposed findings and recommendations (Doc. 11) from Chief United States Magistrate Judge James R. Marschewski. The Court has conducted a careful review of the findings and recommendations and of objections[1] (Doc. 13) filed by Petitioner Jerry Lee Russell. After reviewing the record *de novo* as to Mr. Russell's objections, the Court finds the Magistrate's reasoning to be sound and further finds that Mr. Russell's objections offer neither law nor fact requiring departure from the Magistrates' findings.

The Magistrate determined that Mr. Russell's petition was untimely and that there was no asserted basis for equitable tolling. In his objections, Mr. Russell claims that the time period for him to file his petition should be equitably tolled due to the fact that he was held in a county jail cell for 118 days after his sentencing and was therefore unable to timely file a Rule 37 petition within 90 days. The issue in this case is not, however, the timeliness of Mr. Russell's Rule 37 petition. Mr. Russell argued the 118 day delay in requesting permission from the Arkansas Courts to filed a belated Rule 37 petition. (Doc. 9-5, p. 4). His request was denied and his Rule 37 petition was dismissed as untimely. Even assuming that the 118 days could be tolled in considering the timeliness of the instant habeas petition, by the Court's calculation, the statute of limitations would

---

[1] Plaintiff's objections were filed two days out of time, but the Court has nevertheless considered the objections in its discretion.

have begun to run on January 1, 2012—118 days after the state court judgment was entered on September 15, 2011. That would have made his habeas petition due in January of 2013. The petition was not filed until April of 2013.

Mr. Russell also argues that the time period during which he filed his belated Rule 37 petition and during which the Arkansas courts considered it should not be counted towards any period of limitation. The Court finds, however, that because Mr. Russell's motions for post-conviction relief were not filed within the requisite ninety days allowed by Rule 37 of the Arkansas Rules of Criminal Procedure, they were not timely and were not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore did not toll the federal statute of limitations. *Lewis v. Norris*, 454 F.3d 778, 781 (8th Cir. 2006).

IT IS THEREFORE ORDERED that the report and recommendation (Doc. 11) is ADOPTED in its entirety.

IT IS FURTHER ORDERED that the Mr. Russell's petition is DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of January, 2014.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE