IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY LEE RUSSELL                                                                                      PETITIONER

V.                                                       No.  13-2096

RAY HOBBS, Director
Arkansas Department of Correction                                                    RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Motion for a Certificate of Appealability (ECF No. 17) filed February 20, 2014.  The Motion was referred to the undersigned on February 25, 2014 and is ready for report and recommendation.

### I.  Background

The Background is set forth in the Report and Recommendation (ECF No. 11), which was approved by the District Court on January 23, 2014 and an Order entered Dismissing the Petitioner's Motion (ECF No. 14).

The court had previously ruled that the Petitioner's limitations period ran from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).   The Petitioner argues for the first time that his period of limitations should be "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. 2244(d)(1)(B); (ECF No. 17, p. 5).

-1-

## II.  Discussion

The factors to consider when determining if a certificate of appealabiltiy should be issued are as follows:  1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted. *Slack v. McDaniel*, 529 U.S. at 484–85, 120 S.Ct. 1595;  *Khaimov v. Crist*  297 F.3d 783, 786 (C.A.8 (Minn.),2002).

The Petitioner argues that the Supreme Court cases of *Martinez v. Ryan* and *Trevino v. Thaler* provide that the State of Arkansas should have appointed him an attorney in his Rule 37.1 Petition and since they did not that should be grounds for Equitable Tolling of the Limitations period in his 2254 Motion.

The U.S. Supreme Court had held in Coleman v. Thompson held that "[B]ecause Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman v. Thompson*  501 U.S. 722, 756-757, 111 S.Ct. 2546, 2568 (U.S.Va.,1991).  The Arkansas Supreme Court has consistently held that the right to counsel ends in this state after the direct appeal of the original judgment of conviction is completed, and the State is not obligated to provide counsel in post-conviction proceedings.  *Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2002) citing *Fretwell v. State*, 290 Ark. 221, 718 S.W.2d 109 (1986) ( per curiam) and *Hardin v. State*  350 Ark. 299, 301, 86 S.W.3d 384, 385 (Ark.,2002).

In March 2012 the United States Supreme Court decided *Martinez v. Ryan* which held in

part that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial." *Martinez v. Ryan* 132 S.Ct. 1309, 1318 (U.S.,2012).

The United States Supreme court revisited the procedural default issue in *Trevino v. Thaler* in 2013 and stated that they read Coleman "as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective- assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding." *Trevino v. Thaler* 133 S.Ct. 1911, 1918 (U.S.,2013) citing Martinez, supra, at ––––, 132 S.Ct., at 1318–1319, 1320–1321.

The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion. *McCleskey v. Zant,* 499 U.S. 467, 490, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *see also Coleman,* supra, at 730–731, 111 S.Ct. 2546; Sykes, 433 U.S., at 83, 97 S.Ct. 2497; *Reed v. Ross*, 468 U.S. 1, 9, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *Fay v. Noia,* 372 U.S. 391, 430, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), overruled in part by Sykes, supra. These rules reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default. *See, e.g., Strickler v. Greene*, 527 U.S.

263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); *Reed,* supra, at 16, 104 S.Ct. 2901.

While the Martinez/Trevino cases would mandate that a federal may excuse a procedural default where the state law did not require the appointment of counsel in initial-review collateral proceedings that does not mean that procedural change is to be applied retroactively or that failure of the state to appoint counsel would constitute grounds for equitable tolling of the federal action.

The courts that have considered the issue of retroactivity have held that " Martinez 'qualifie[d] Coleman by recognizing a narrow exception' to that case's rule," and the Court itself "characterized its decision in Martinez as an 'equitable ruling,' and not a 'constitutional' one." *See Pagan-San Miguel v. U.S.* 736 F.3d 44, 45 (C.A.1,2013) *citing Adams v. Thaler*, 679 F.3d 312, 323 n. 6 (5th Cir.2012); *Buenrostro v. U.S.* 697 F.3d 1137, 1139 (C.A.9,2012). The courts seem clear that Martinez/Trevino would not constitute a new rule of constitutional law to extend the limitations under 2254.

The 11th Circuit has specifically rejected the argument that anything in Martinez provides a basis for equitable tolling. *See Arthur v. Thomas v. U.S.* 697 F.3d 1137, 1139 (C.A.9,2012) holding that " Arthur's § 2254 petition was dismissed because he filed it well after AEDPA's limitations period expired, and he showed no basis for tolling. Arthur's case concerns only the operation of a federal rule—namely, the operation of AEDPA's one-year statute of limitations. It was wholly the operation of AEDPA's federal limitations period—independent of any state procedural rule—that barred Arthur's § 2254 petition. Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in Martinez and Trevino of when and how "cause" might excuse noncompliance with a

state procedural rule is wholly inapplicable here."

The only impediment created by State action could be the failure to appoint counsel for post-conviction collateral attack. The court makes no ruling that failure to appoint counsel in a post-conviction proceeding will constitute equitable tolling because it would not be applicable in the present case. Even if the court were to consider that an impediment by State action it would have occurred at the time Judgement was entered or at least within 90 days allowed for the filing of the post-conviction motion. The Petitioner had 90 days from the date of entry of Judgment to bring his claim under Rule 37. (Ark. R. Crim. P. 37.2(c)). Judgment in this case was entered on September 12, 2011 (ECF No. 9-1, p.3), therefore, if the court concluded that the equitable tolling should apply to the time between judgment and the date a Rule 37.1 motion should be filed, the Petitioner would still be out of the limitations period because that would only have extended the time to December 12, 2012. Since the Petition was not filed until April 8, 2013 it is not timely even accepting the Petitioner's argument.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion for a Certificate of Appealability (ECF No. 17) be Denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this February 27, 2014

/s/ J. Marschewski
HON.  JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE